■ CHICAGO RAILROAD TERMINAL INFORMATION SYSTEMS, INC., Appellant, v SERVO CORPORATION OF AMERICA, Respondent.—Judgment, Supreme Court, New York County, entered on September 2, 1976, which denied the petition for a stay of arbitration and directed the parties to proceed to arbitration, affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. The dissent fairly states the problem, although we would approach it differently. Initially, the petitioner-appellant alleged that the agreement of February 28, 1973 was procured by fraud, but on this appeal that ground is no longer urged. The contention that the claims of the respondent are not encompassed within the arbitration clause is the only matter for consideration on this appeal. The exception to the arbitration clause contended for in amendment D is that the additional work and the equipment required to be installed were "accepted in writing". The acceptance in writing, however, was not accepted for the respondent but was directed to Trans PAC Leasing, Inc., the lessor of the equipment. Further, it

may be that an interpretation on this point could mean that if Chicago Railroad Terminal Information Systems, Inc. (CRTIS), accepted in writing, CRTIS was therefore barred from arbitrating, and the clause was inserted only for that reason. In any event, the interpretation would be a matter for the arbitrators. (See *Aeronaves de Mexico, S. A. v Triangle Aviation Servs.,* 389 F Supp 1388, affd without opn 515 F2d 504.) There is no clear exception to the arbitration clause, which would require court analysis at a preliminary trial. *(Proctor & Gamble Ind. Union of Port Ivory v Proctor & Gamble Mfg. Co.,* 298 F2d 644.) Concur—Kupferman, J. P., Silverman, Markewich and Yesawich, JJ.; Murphy, J., dissents in the following memorandum: On February 28, 1973, the parties entered into an agreement whereby respondent Servo Corporation of America agreed to sell and install certain automatic car identification systems for use by the petitioner Chicago Railroad Terminal Information Systems. To the extent here relevant, article 11 of the principal contract provides as follows: "11. ARBITRATION: Any dispute or disagreement in connection with interpretation of any provision of this Agreement or the compliance or non-compliance therewith, which is not settled to the initial satisfaction of the parties within thirty (30) days (or such longer period as may be agreed to) from the date that either party informs the other, in writing, that such dispute or disagreement exists, shall be submitted to arbitration of the American Arbitration Association." An amendment to the foregoing arbitration clause was executed by the parties later that same day. To the extent relevant, amendment D provided: "Payment to the Seller for any equipment accepted by CRTIS or for any work or services performed pursuant to this contract and accepted in writing by CRTIS shall not be the subject of any arbitration proceeding." It is conceded by the respondent that the petitioner had formally accepted all sites by August of 1974. At that point in time, the petitioner had paid $878,151 to the respondent under the contract. On April 30, 1975, the respondent submitted eight claims to the petitioner for additional work it was required to perform and additional equipment it was required to install under the contract. Upon the petitioner's refusal to pay, the respondent sought arbitration before the American Arbitration Association. The lower court has denied the petition for a stay and granted the counterclaim to compel arbitration. The petitioner maintains that the respondent has been fully compensated under the payment made upon its formal acceptance. If petitioner's contention in this regard be true, then arbitration would be barred by amendment D. The respondent, on the other hand, alleges that the payments requested are properly chargeable as additions to the contract. If respondent's allegation be true, then arbitration should be ordered pursuant to article 11 of the principal agreement. Upon the conflicting evidence presented below, a preliminary trial should have been ordered to determine whether the additional payment sought by the respondent is for equipment and services already accepted by the petitioner in writing. The respondent admits that the petitioner has formally accepted all the sites. In the absence of any definitive proof that the formal acceptance was not in writing, the acceptance will be deemed to be in writing from the normal connotation flowing from the use of the term "formal acceptance". While Federal policy normally favors the arbitration of disputes, the peculiar interplay of the two clauses presented in this proceeding unfortunately leaves the threshold issue with regard to arbitration to the courts. It is with reluctance that I find a preliminary trial must be ordered since a determination thereat may well render as academic the necessity for arbitration.